IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN W. ROGERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-301-GPM |
| ) | |
| SARA REVELL, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1999 conviction in the United States District Court for the Central District of Illinois. *See United States v. Rogers*, Case No. 99-CR-30011 (C.D. Ill., filed Feb. 5, 1999).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to

challenges to the execution of the sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").  Essentially, this action is an effort to challenge the validity of his conviction and sentence, which is, in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255.

Further, the claims presented in this action are virtually identical to those presented in a motion in his criminal case, which was later construed as a motion to vacate sentence under 28 U.S.C. § 2255.  *See Rogers v. United States*, Case No. 06-CV-3082 (C.D. Ill., filed May 2, 2006). Essentially, Petitioner argues that his sentence is invalidated by the recent Supreme Court case of *United States v. Booker*, 543 U.S. 220 (2005).  As Petitioner was already informed by the Honorable Jeanne E. Scott, *Booker* does not apply retroactively to convictions that were final prior to the *Booker* decision.  *Rogers, supra*, Case No 06-CV-3082 (Doc. 5 entered May 10, 2006).  *See also McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  Therefore, the claims in the instant action are clearly barred by the doctrine of *res judicata*, or claim preclusion.  *See Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006).

Accordingly, this action is summarily **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  08/31/06

S/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge